## Commonwealth v. Degregorio.

*Criminal law—Possession of liquor—Service—Warrant for arrest—Liquor law—Justice of the peace.*

1. It is improper for a justice of the peace to issue a search warrant and a warrant of arrest for the same person at one and the same time.

2. In good conscience and good morals, no man can swear to facts that justify the issuing of both warrants simultaneously.

3. An officer serving a search warrant and discovering liquors kept in violation of the statute has the right at the time of the service of the search and the discovery of the crime to arrest the defendant without a warrant then and there.

Petition to quash proceedings, suppress evidence and return seized liquor. Q. S. Somerset Co., May Sess., 1924, No. 65.

*W. C. Truxal,* for petitioner.

*P. G. Cober,* District Attorney, for Commonwealth.

BERKEY, P. J., April 24, 1924.—The defendant occupied a dwelling-house in Shade Township, Somerset County, used exclusively as a habitation for himself and family. The prosecutor made an information before a justice of the peace, in which he states that "affiant has just and reasonable grounds for believing and doth believe that intoxicating liquor . . . is being unlawfully manufactured, sold, offered for sale, bartered, furnished, &c., for beverage purposes;" and that affiant's reason for believing he has "probable cause to believe is," such allegation states, "lots of people go in said Stani Degregorio's house and come out drunk, and I therefore do have reason to believe that said Stani Degregorio is making and selling intoxicating liquors." Thereupon the justice issued a search warrant and placed same in the hands of an officer. It further appears that, at the same time the complaint for search warrant was executed, the prosecutor made an information against the defendant, charging "defendant has wine, beer, moonshine whiskey, still, &c., to manufacture moonshine whiskey." Thereupon the justice issued a warrant for the arrest of the defendant, which was placed in the hands of the officer who had been given charge of the search warrant. The officer went to the home of the

Commonwealth v. Degregorio.

defendant the same day with both warrants; the defendant was away from home, engaged in his occupation as a miner. His residence, in his absence and over the protest of defendant's wife, was searched by the constable, who made return that he found: "2 full barrels—2 part barrels wine—1 qt. bottle with ¼ pint moonshine whiskey—2 bottles Farnet—65 bottles beer—1 gal. can half full moonshine whiskey." The defendant, being advised that his home had been searched, before being apprehended by the officer, appeared before the justice of the peace and entered bond for his appearance at the next term of the Quarter Sessions Court, which return was filed in the office of the clerk of courts March 24th last. March 31st, the defendant presented a petition to the court, alleging (1) that the search warrant was illegally issued; (2) that the search and seizure were in violation of the constitutional rights of the petitioner; (3) that the court suppress the evidence against the defendant obtained by the search warrant; and (4) that the liquors be returned to the defendant; whereupon a rule to show cause was awarded, an answer filed and parol testimony taken by the parties. It is upon this record that the case is before the court.

An inspection of the complaint for search warrant discloses sufficient allegation of facts to bring the same within the provision of section 8 of the Act of March 27, 1923, P. L. 34. The issuing of a warrant upon an information charging the defendant with violation of section 3 of said act by the justice is a procedure that must be frowned upon by the court upon the facts of the case at bar. The complaint for a search warrant alleged probable cause for believing the defendant was selling intoxicating liquors, while the information made in the next breath charges him positively with violation of the 3rd section of said act. I have observed that justices of the peace in Somerset County have been following this line of action. The object of the search warrant is to confirm the probable cause alleged in the information, so that the defendant may be brought before the justice and, after the facts have been discovered, an information made. An officer serving a search warrant and discovering liquors kept in violation of the statute has a right, at the time of the service of the search warrant and the discovery of the crime, to then and there arrest the defendant without a warrant: Com. v. Rubin, 82 Pa. Superior Ct. 315. A search warrant upon proper allegation of fact, as required by the statute, supra, should issue, placed in the hands of a constable and search made thereunder, and if the complaint is sustained by the search, the defendant arrested, carried before the officer issuing the search warrant, and then is the time, and no sooner, for the making of the positive information charging him with violation of the statute. In good conscience and good morals, no man can swear to facts that justify the issuing of both warrants simultaneously.

The second question raised by the petition is that the acts of the officer in making the search were in violation of the defendant's constitutional rights. The Constitution provides against unreasonable searches and seizures only. The facts in this case clearly disclose that the search of the defendant's house and the seizure of the liquors were entirely within the limits of the Constitution: Com. v. Rubin, 82 Pa. Superior Ct. 315. And, third, the liquors found in possession of the defendant are contraband and forfeited to the Commonwealth under the Act of March 27, 1923, § 11, P. L. 34, 39: Com. v. Rubin, 82 Pa. Superior Ct. 315, 325.

Now, April 24, 1924, for the reasons set forth in the foregoing opinion, rule dismissed, at the costs of the petitioner.